HOYT *against* GELSTON and SCHENCK.

BALDWIN, for the defendant, moved for an *imparlance*, in this cause, until the first day of next *August* term, and from term to term, until the libel filed by the attorney of the *United States*, for the district of *New-York*, in the district court, against the ship *American Eagle*, shall have been heard and finally determined. He read an affidavit, stating that the defendants, as collector and surveyor of the customs in the city of *New-York*, on the 10th *July*, 1810, caused the ship *American Eagle*, &c. to be seized, as forfeited to the use of the *United States*, for a violation of an act of the *United States*, entitled, an act in addition to an act for the punishment of certain crimes against the *United States*."

On the 13th *July*, 1810, a libel was filed by the attorney of the *United States* against the said ship, in the district court; on which process issued, and she was seized by the marshal of the district, in whose custody she has since remained. On the 7th day of *November* the plaintiff put in his claim to the vessel, and an answer to the libel; but owing to the indisposition of his honour *Matthias B. Tallmadge*, Esq. judge of the district court, it has not been possible to bring on the cause to a hearing in that court, and the cause is still depending and undetermined.

The trespass charged in the plaintiff's declaration, and for which this suit is brought, was the seizure of the *American Eagle*, as above stated.

*In an action of trespass against the collector of the port of New-York, for seizing the vessel of the plaintiff, against which a libel was filed in the district court of the United States, under a law of the United States, but which had not been heard or determined, on account of the sickness of the judge; this court refused to grant the defendant an imparlance indefinitely, until the libel could be heard and decided in the district court.*

NEW-YORK,
May, 1811.

HOYT
v.
GELSTON and
SHENCK.

*Barnes, 224.
Carthew, 156.
4 Bac. Abr.
Plead. 47.

†Chitty on
Plead. 435. 445.

*Baldwin* observed, that if the district court should condemn the vessel, or grant a certificate of probable cause of seizure, it would be a complete defence to the present action.   But if this court can entertain this cause, and suffer it to proceed, it will, in effect, have a control over the district court of the *United States*, which has exclusive jurisdiction in all such cases.

It may be said, that we might plead in abatement; but this motion is proper and regular.*   A plea in abatement would not be proper, for a new suit might be commenced, and so *toties quoties*.   It is a matter in bar, not in abatement.†

*Colden*, contra, read the affidavit of the plaintiff, stating, that the process against the ship *American Eagle*, belonging to the plaintiff, was returnable in the district court, on the 3d *August*, 1810.   The libel, on the part of the *United States*, alleged that the said ship was fitted out, with intent that she should be employed in the service of a *foreign state*, to commit hostilities on the subjects of another *foreign state*, with whom the *United States* were at peace.   The two foreign states referred to in the libel, are the dominions, territories or possessions of the two contending chiefs of the island of *St. Domingo*, *Petion* and *Christophe*.   No district court was held, at which the plaintiff could file a claim, until the 7th of *November*, 1810, when the plaintiff filed his claim and answer, on oath, denying all the charges contained in the libel.   No district court having been held at which the libel could be heard, on account of the indisposition of the judge; and his disability to hold a court continuing, and it not appearing probable that he would be able to hold a court before the stated term of the circuit court of the *United States*, in *September*, the plaintiff, by his counsel, in the latter end of *July*, made a formal appli-

cation to the *marshal* of the district of *New-York*, in the absence of the attorney of the district, requiring the *marshal* to make such application, as the law requires in such case, to the judge of the supreme court of the *United States*, allotted to the circuit of the district of *New-York*, to remove the cause depending in the district court into the circuit court, pursuant to the act of congress, passed *March* 2d, 1809: (10th *cong.* 2d sess. c. 94. 9th vol. *Laws*, 259.) but the marshal refused to take any measures, in consequence of such application. The disability of the judge still continuing, and there being no prospect of its being removed before the stated term of the circuit court of the *United States* in *April* last, a second application was made to the marshal, in the absence of the attorney of the district, on the 28th of *February* last, for the purpose of having the causes depending in the district court, removed into the circuit court of the *United States*, which application was supported by an affidavit of the disability of the judge, from extreme indisposition, to hold a court, and of its probable continuance for a considerable time. But the marshal, though the urgency and hardship of the plaintiff's case were fully stated to him, refused to take any measures in consequence of such application. A similar application was also made to the district attorney, then at *Albany*, who declined taking any measures for the removal of the cause.

*Colden* observed, that under these circumstances of the case, the court would not be induced to exercise their discretion in favour of the present motion. The court could not intend that the vessel will be condemned, as all the facts in the libel are contradicted on oath. The act of congress passed the 24th *February*, 1807, (8th vol. *Laws*, 255. 2d sess. 9th *cong.* c. 64.) provides, that in all cases of seizures, where judgment is given for the claimant, if the judge shall certify that there was reason-

able cause of seizure, the claimants shall not be entitled to costs, nor the person making the seizure be liable to an action on account of such seizure. The certificate of the judge must be founded on facts. But this is not a case in which any such certificate can be given; for there can be no mistake as to fact, but as *to the law.* The ship was libelled under the law of the *United States* of the 5th of *June,* 1797, (1st sess. 3d *cong.* c. 50. s. 3.) Can any person, for a moment, suppose that *Petion* and *Christophe,* the rival chiefs of *St. Domingo,* are *foreign princes* or *states* within the meaning of that law ? But it is unnecessary to enter into the discussion of this question, at this time.

The judge of the district court cannot grant a certificate of probable cause, because the libellant has mistaken the law.

This is not a prize question; and the constitution and laws of the *United States* being the supreme law of the land, this court is competent to decide on an act of congress, when brought before them, in this collateral way.

*T. A. Emmet & Hoffman,* on the same side, observed, that this was a new and extraordinary application. It was a motion for an indefinite imparlance; and for what reason ? There has been no delay or misconduct on the part of the plaintiff; nor is there any thing in the nature of the present action to induce the court to frown upon it. It is not a motion to put off a trial, but to postpone indefinitely the time of pleading. How can the defendants be injured by putting in their plea ? As no certificate of probable cause has been given, it cannot be pleaded. Should it be granted after issue joined, it may be pleaded *puis darrein continuance.* A decree of condemnation may be given in evidence under the general issue. It is very important to the plaintiff that issue should be joined as early as possible, in order to obtain an earlier trial of his cause.

Is there any thing in the law of the *United States* to prevent this court deciding whether *Petion* and *Christophe* are foreign princes, within the meaning of the act of congress? It is not a question of capture or prize, arising under the law of nations. This court can, and must take notice of the law of the *United States*, when it comes *collaterally* before them, in a cause depending here. This court is bound to interpret the law of congress, and is not obliged to wait until another court makes the interpretation for them.* Would this court be bound by a certificate of probable cause, without looking at the law of the *United States*, and deciding whether the judge of the district court had authority to grant it?

*Baldwin*, in reply, said that the matter of defence, on the part of the plaintiff, must be pleaded, and could not be given in evidence under the general issue.

*Per Curiam.* The cause in the district court has been unnecessarily delayed on the part of the public prosecutor; for the officers of the *United States* may, in case of the sickness of the judge of the district court, remove the cause into the circuit court. An indefinite imparlance, therefore, is unreasonable, and ought not to be granted.

Further time to plead was, however, given, on the motion of the defendant's counsel, until the 1st *July* next.

Motion denied.