ALBANY,<br>August, 1811.<br><br>THOMPSON<br>v.<br>KETCHAM.

Motion denied.

---

THOMPSON <em>against</em> KETCHAM.

THIS was an action of *assumpsit.* The declaration, besides the usual money counts, contained a count on a

The *time* of payment is part of the original contract, and if no time of payment is expressed in a note, the law adjudges it to be payable immediately; and *parol* evidence is inadmissible to show a different time of payment.

The *lex loci contractus* is to govern, unless the parties, by the terms of the contract, had in view a different place.

Where the defendant in an action brought here, on a promissory note made in *Jamaica*, set up *infancy* as a defence. it was held that he was bound to show that such a plea would be a good defence in *Jamaica*.

ALBANY,
August, 1811.

THOMPSON
v.
KETCHAM.

promissory note, as follows : " I promise to pay Capt.
*Samuel Thompson*, eighty dollars, for value received.
*Montego Bay, April* 21, 1807."

Plea, general issue, with notice that infancy would be
given in evidence at the trial.

The cause was tried at the *Ulster* circuit, in *September*, 1810, before Mr. Justice *Yates*.

It was proved that the defendant had acknowledged
that the plaintiff had lent him the 80 dollars at *Montego
Bay*, in the island of *Jamaica;* and that he could not
have done without the money.

The defendant proved that at the time he executed
the note, and when he acknowledged the receipt of the
money, he was under the age of 21 years.

The plaintiff objected to the insufficiency of the evidence, unless the defendant also proved that by the laws
of *Jamaica*, infancy was a defence to an action for the
money.

The defendant then offered to prove, that by a parol
agreement between him and the plaintiff, the money
was to be paid on the arrival of the parties at the city
of *New-York*, and that both of them arrived here at the
same time. This evidence was objected to, but admitted, and a verdict was taken, by consent, for the plaintiff
for 99 dollars and 68 cents, subject to the opinion of the
court, on a case containing the above facts.

Two points were raised for the consideration of the
court; 1. The defendant was bound to show that by the
laws of *Jamaica*, infancy would be a defence there, to an
action on the note.

2. That the parol evidence which was objected to by
the plaintiff, at the trial, was inadmissible.

The case was argued by *Sudam*, for the plaintiff, and
*Ruggles*, for the defendant. In addition to what was said
on the former argument of the same case, (See 4 *Johns.
Rep.* 285.) the counsel for the plaintiff, relied also on

the case of *Holman* v. *Johnson*.[*] In no case, it was con-
tended, where a contract is made in reference to the laws
of another country, is the party seeking to enforce the
contract, bound to show those laws; but the defendant
who seeks an exemption by such laws, must prove them.
According to the rules of special pleading, the defend-
ant must prove the foreign law on which he relies for his
defence.

Again, *parol* evidence cannot be received to control
the legal import of a known commercial instrument.[†]
The note, on the face of it, is payable immediately; and
if the defendant had been sued in *Jamaica*, he could not
have set up in defence, a subsequent *parol* agreement of
the plaintiff to receive the money on his arrival at *New-
York*. The *original* contract was complete in *Jamaica*,
and cannot be varied by parol evidence of a subsequent
agreement. The time and place of payment are an es-
sential part of the contract, and must be stated. Where
no time of payment is expressed in the contract, it is a
conclusion of law, that the money is to be paid imme-
diately. It is not left as a matter of mere presumption or
inference; but is fixed, by judgment of law, as clearly as
if it was so expressed in the contract.

*For the defendant* it was observed, that if the defend-
ant had pleaded infancy, a replication that the note was
made in *Jamaica* would not get rid of the bar, unless it
was also shown by the plaintiff, that by the law of that
island, infancy was no bar.

Where a party covenants to pay money, or to do a cer-
tain thing, at a certain time, the time of performance
may be extended by *parol*.[‡] If, then, *parol* evidence is
admissible to extend the time of payment, there is no
good reason why it may not be received to show the
place of payment. *Parol* evidence may be received to
explain a written contract. It may be admitted also to

---

ALBANY,
August, 1811.

THOMPSON
v.
KETCHAM.

[*] *Cowp.* 341.

[†] 1 *Taunt. Rep.*
347. *Hogg* v.
*Smith.*

[‡] 3 *Esp. Cas* 35.
1 *Johns. Cas* 23.
3 *Johns. Rep.*
528.

ALBANY,
August, 1811.

THOMPSON
v.
KETCHAM.

*Rob. on Frauds,
10. 55, 56. 63, 64.

vary an inference or rebut a presumption.* If the law implies that the note in question is payable on demand, why may not the defendant repel that presumption, by *parol* evidence of an agreement that it should be paid at a certain time and place?

KENT, Ch. J. delivered the opinion of the court. This case presents two questions; 1. Was parol evidence admissible that the payment of the note was to be made in *New-York?* 2. If it was not, then on whom did the *onus* lie of proving the law of the island of *Jamaica* on the subject of infancy?

1. When this cause was formerly before the court, (4 *Johns. Rep.* 285.) the admissibility of the testimony relative to the agreement to pay the note in *New-York*, was not drawn in question; for the testimony had been admitted without objection. This point is not therefore to be considered as having been decided in that case. The evidence was not admissible. The time of payment is part of the contract, and if no time be expressed, the law adjudges that the money is payable immediately. This is not only a positive rule of the common law, but it is a general principle in the construction of contracts. When the operation of a contract is clearly settled by general principles of law, it is taken to be the true sense of the contracting parties; and it is against established rule to vary the operation of a writing by parol proof. There is no ambiguity in this case which requires explanation. The note, upon the face of it, was payable immediately, and the parol proof went to alter, in a very material degree, its operation and effect, by making it not payable, until some distant and undefined period, when the parties should arrive at *New-York.* Suppose the note had been put in suit, in *Jamaica*, before the parties left the island, could it have laid in the mouth of the defendant to say that he was not suable, because the time of payment had not arrived, as he had not arrived in *New-York.* The force and effect of the contract must be de-

termined from the contract itself, and not by proof
*aliunde.* The *lex loci* is to govern, unless the parties
had in view a different place, *by the terms of the contract.*
*Si partes alium in contrahendo locum respexerint.* This is
the language of *Huber.* Lord *Mansfield*, in *Robinson* v.
*Bland*, (2 *Burr.* 1077.) says, the law of the place can ne-
ver be the rule, where the transaction is entered into
with an *express* view to the law of another country, and
that was the case with the contract in that cause.

This case does not fall within the range of those cases
in which the courts have admitted parol proof of an
agreement to enlarge the time of performance. In all
those cases the agreement was *subsequent* to the time of
the original contract, and admitted the force and effect
of it. (1 *Johns. Cas.* 22. 1 *Esp. N. P.* 35. 3 *Johns.
Rep.* 531.) Here the proof, according to the import of
the case, went to show the *original* agreement to be dif-
ferent from what the note declared it to be; and it was,
therefore, inadmissible.

2. The testimony being rejected, the next question is,
which party was bound to prove the law of *Jamaica.*
The court cannot know, *ex officio*, what are the rights
and disabilities of infants, or when infancy ceases, by the
provincial law of *Jamaica.* These questions depend
much upon municipal regulations; and what the foreign
law is, must be proved, as a matter of fact. This was so
ruled by Lord *Eldon*, in *Male* v. *Roberts.* (3 *Esp. N. P.*
163.) The defendant was bound to make out a valid de-
fence, and it therefore lay with him to show that his plea
of infancy was good by the law of *Jamaica.* The court
are not to know that fact, without proof; and the good
sense and logic of pleading show, that it is the duty of
the party who interposes a defence to a contract, other-
wise binding, to prove every thing requisite to the vali-
dity of the defence. It was enough for the plaintiff to
rely upon his demand, until it had been legally met by

ALBANY,
August, 1811.

the plea. If the defendant had specially pleaded infancy, he ought to have accompanied it with an averment, that by the law of *Jamaica* he was an infant, and the contract not binding upon him. As the defendant did not prove what the law of *Jamaica* was on the subject, he did not make out his defence, and the plaintiff is entitled to judgment.

Judgment for the plaintiff.