## JUNE CIRCUIT, 1824.

### CORAM EDWARDS, J.

### DEGROOT v. BLAKE.

Parol testimony inadmissible to show that an indorser, at the time of indorsing, agreed that he would be liable notwithstanding holder should omit to present for payment and give him notice of non-payment.

THE declaration in this case (which was an action of assumpsit,) contained a variety of counts, and, among them three, each of which was on a promissory note indorsed by the defendant, and contained a special averment excusing presentment to the maker and notice to the indorser, thus: "that the plaintiff, when the note became due and payable, was ready and willing to present the same, and demand payment, but the defendant wholly dispensed with and discharged the said plaintiff from the presentment thereof to the maker for payment," &c. To prove this averment, the plaintiff offered to show that when the defendant indorsed the notes, it was expressly agreed between him and the plaintiff, the indorsee, that he should be under no obligation to present them for payment at maturity, nor to notify him as indorser in the event of non-payment by the maker.

*Anthon,* for the defendant, contended that such testimony was inadmissible ·

1st. Because it did not prove the averment as laid, viz: that, *at maturity*, presentment was dispensed with ; and

2d. Because it went to annul the terms and conditions of a written contract, the indorsement, by a contemporaneous parol engagement.   He cited, *Horne et al.* v. *Grehan*, 3 Camp. 57 ; *Rawson et al.* v. *Walker,* 1 Stark. 361 ; *Thompson* v. *Ketchum*, 8 Johns. 189 ; Chitty on Bills, 61.

*Slosson*, for the plaintiff, insisted that it was competent for the indorser to waive the strict condition introduced for his advantage, and that it was immaterial at what time such waiver was made.

EDWARDS, J.   The testimony is inadmissible.   The contract of the defendant, by his indorsement of these notes, was that he would pay them, provided the makers failed to pay upon presentment, at maturity ; and provided, also, that, in such event, the holder gave him immediate notice. This contract, for the purposes of this question, must be considered as written over the indorsement of the defendant.    The parol testimony, therefore, goes to show a simultaneous contract directly at variance with the written engagement.    It would be dangerous, in the extreme, to receive such testimony.(1)

*Slosson*, for plaintiff.

*Anthon*, for defendant.

(1) The same rule was laid down in *Sice* v. *Cunningham*, 1 Cow. 47.  There a note was made payable on demand, and, in an action against the indorser, parol evidence was offered to show that the note was given for a loan of money, which, it was agreed, was not to be demanded within a year.   The court said, there is a sound legal objection to this parol proof.   The note is

Degroot v. Blake.

payable on demand. The effect of the undertaking, between the plaintiff and the maker, is to make it payable at a future day.

In *Thompson* v. *Ketcham*, (8 Johns. 189,) the note, on the face of it, was payable immediately. The court there held, that the time of payment is part of the contract, and, if no time is expressed, it is payable immediately. When the operation of a contract is clearly settled, by general principles of law, it is taken to be the true sense of the contracting parties, and it is against established rules to vary the operation of a writing by parol proof, which goes to alter, in a material degree, its effect, by making it payable at some distant and undefined period.