### J. D. BARRY et a. vs. A. W. MORSE.

When a note of hand has been transferred by an endorsement in blank, parol evidence is not admissible to prove that at the time it was so transferred, the endorser agreed to be liable at all events, without demand of the maker and notice of non-payment.

ASSUMPSIT, upon a note of hand for $56,78, dated November 10, 1821, made by *Lewis R. Morse*, and payable to the defendant or bearer in six months with interest, and by the defendant endorsed.

The cause was tried here, at November term, 1823, upon the general issue. No evidence was produced by the plaintiffs to shew, that payment had been duly demanded of the maker of the note, nor to shew, that due notice of the non-payment of the note had been given to the defendant.

But it appeared, that the note was endorsed by the defendant, and delivered to the plaintiffs in satisfaction of a debt previously due from him to them; and the plaintiffs offered to prove, that at the time the note was endorsed to them, the defendant agreed to be responsible for the payment of the note at all events, without a demand upon the maker, or notice of the non-payment. But the court rejected the evidence, and a verdict was taken for the defendant, subject to the opinion of the court upon the above case.

*Betton* and *R. Fletcher*, for the plaintiffs.

*Smith*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The question to be decided in this case is, whether, when a note of hand has been transferred by an endorsement in blank, the endorsee can be permitted, in an action against the endorser of the note, to shew, that it was agreed at the time the note was thus transferred, that the endorser should be liable at all events, without any demand of the note being made of the maker, and without notice of its non-payment?

When the payee of a note, by an endorsement in blank, transfers the note to another, he enters into a contract with the endorsee, most of the terms of which, after much litigation, have been settled in a long train of decisions and no longer admit of any doubt. 16 *East* 110, *Dickinson vs. Bowes.*—3 *M. & S.* 150·—2 *Camp.* 498.—14 *East* 500, *Sanderson vs. Bowes.*—5 *Taun.* 30, *Bowes vs. Howe.*—12

*Mass. Rep.* 172.—2 *H. Bl.* 509.—19 *John.* 391.—18 *ditto* 316.—14 *ditto* 114.—13 *ditto* 432, 470.—12 *ditto* 423.—11 *ditto* 52, 180, 231.—10 *ditto* 490.—9 *ditto* 121.—4 *Mass. Rep.* 44, 245.—6 *ditto* 449, 524.—8 *ditto* 260, 453.—12 *ditto* 6, 86, 89.—13 *ditto* 556, 131.—17 *ditto* 449.

Barry et a.
*vs.*
Morse.

Whatever doubt may still remain as to the true terms of this contract in other respects, that it is part of the contract, that a seasonable demand of payment shall be made of the maker, and due notice of the non-payment be given to the endorser, before the endorser is to be liable, is a principle of law too well settled to need any reference to the authorities, by which it is supported.

It is not to be doubted, that a note might be so endorsed, as to render the endorser liable without a demand or notice.—Nor is it to be questioned, that the endorser may, by a subsequent agreement, render the proof of demand and notice unnecessary to the maintainance of an action against him.—*Chitty on Bills* 186 [171].

It is also well settled, that mercantile contracts are to be construed conformably with the usage and custom of merchants, and that evidence of usage is admissible for the purpose of explaining and defining the terms of a contract, where those terms are doubtful or ambiguous. 4 *East* 130, *Robertson vs. French.*—6 *D. & E.* 320, *Cutter vs. Powell.*—*Yelverton* 135, *Pierson vs. Pounteys.*—3 *Esp. Rep.* 121, *Cochran vs. Retberg.*—*Peake's Rep.* 43, *Chaurand vs. Angerstein.*—7 *John.* 385, *Coit vs. The Commercial Insurance Company.*—1 *Caines' Rep.* 43.

But where the legal effect of an instrument, or of the terms used in it, has been settled, no evidence of usage can be admitted. 1 *W. Bl.* 298.—2 *Burrows* 1216, *Edie vs. E. I. Company.*—3 *Campb.* 427.—6 *East* 122.—2 *B. Moore* 233, *Gibbon vs. Young.*—1 *Taun.* 347.—*Peake's cases* 177, 193.—1 *Holt's N. P.* 95, *Yeats vs. Pim.*—1 *Stark.* 233.—2 *Campb.* 530.—2 *Marshall* 141.—7 *Taun.* 446.—11 *Mass. Rep.* 87, note.—3 *Campb.* 57.—10 *Mass. Rep.* 26.—2 *John.* 327.

The cases of *Jones vs. Fales*, (4 *Mass. Rep.* 245,) *Weld vs. Gorham*, (10 *ditto* 366,) *The Lin. & Kenneb. Bank vs. Page*, (9 *ditto* 155,) and *Blanchard vs. Hilliard*, (11 *ditto* 85,) have

not escaped our attention. The principle laid down in those cases, that a party to a contract may waive any provision in it made for his benefit, is unquestionable. But if in those cases it was intended to be decided, that evidence of usage was admissible to vary the settled legal effect of an endorsement in blank on a promissory note, the decision is believed to stand, not only unsupported by authority, but in direct opposition to all the authorities, which can be found in the books to have a bearing on the question.

It seems also to be well settled, that parol evidence cannot be received to vary or control the settled legal import of a commercial instrument. Thus it was held in an action on a promissory note, that the defendant could not be permitted to set up a verbal agreement, made by the plaintiff at the time the note was made, to take a renewal of the note instead of payment at maturity. *Hoare et a. vs. Graham et a., 3 Campb.* 57.

So, where a note purports to be payable on demand, parol evidence cannot be admitted to shew that it was to be payable on a contingency. *Rawson vs. Walker,* 1 *Stark.* 361.

It has also been adjudged, that when no time of payment is expressed in a note, the law adjudges it to be payable immediately, and that parol evidence is not admissible to shew a different time of payment. 8 *John.* 189, *Thompson vs. Ketcham.*—4 *Esp. Rep.* 189, *Holsten vs. Jumpson.*—*Holt* 551, *Free vs. Hawkins.*—1 *Moore* 541.

Such being, in our opinion, the settled law of the land, we think that the evidence, which was rejected in this case, was properly rejected, and that there must be

                              *Judgment on the verdict.*