Sullivan, J.
Assumpsit on a promissory note payable on demand. The defendant pleaded, 1st, non assumpsit; and, 2d, a special plea which tendered an immaterial issue. Verdict and judgment for the defendant.
At the trial, the defendant offered the following testimony which was objected to by the plaintiff; that at the time of the execution of the note mentioned in the declaration, the plaintiff declared that the amount for which the note was given was advanced by him to the defendant, who was his son-in-law, and was not to be demanded until after his death, nor then, unless the amount received by defendant, as his share of the plaintiff's estate, should be greater than the amount peceived by the other children of the plaintiff, or unless the plaintiff should become insolvent. The Court overruled the objection to the testimony and admitted it, to which the plaintiff excepted.
The admission of the testimony was á departure from the rule which disallows parol testimony to contradict, vary, or add to a written instrument. The note purports to be payable on demand, and the effect of the testimony was to show that it was not so payable, but that it was to be paid only on a future and contingent event. This would be to destroy the written contract, and substitute a different one in its place. The following cases are in point. Hoare v. Graham, *3 Camp., 57; Free v. Hawkins, 8 Taunt., 92; Woodbridge v. Spooner et ux., 3 B. & Ald., 233; Thompson v. Ketcham, 8 Johns., 189; Tisloe v. Graeter, 1 Blackf., 353.
J. B. Howe, for the plaintiff.
D. H. Colerick and W. PL. Coombs, for the defendant.
Per Curiam.—The judgment is reversed with costs. Causé remanded, &c.