## Case No. 10,260.
### NICOLLS v. RODGERS.
[2 Paine, 437.][1]

Circuit Court.[2]

CONTRACTS—CONSTRUCTION—LEX LOCI—LIMITATIONS—LEX FORI.

1. The nature, validity and construction of contracts are governed by the lex loci; the form of action, the course of judicial proceedings, and the time when the action must be commenced by the lex fori.

2. The statute of limitations appertains only to the remedy, and is a part of the lex fori; and the courts of the United States always apply the statute of limitations of the state where the court sits, and adopt the same rules in regard to it as prevail in the courts of the state.

[Cited in brief in Waterman v. Town of Waterloo, 69 Wis. 261, 34 N. W. 138.]

---

[1] [Reported by Elijah Paine, Jr., Esq.]

[2] [District and date not given. 2 Paine includes cases decided between 1827 and 1840.]

3. *Held.* that an action brought in New York on an attested promissory note made in Massachusetts, was barred by the statute of limitations of the former, although it would not have been by that of the latter state.

At law.

THOMPSON, Circuit Justice. This case comes before the court on a demurrer to the replication. The fourth count in the declaration alleges, that on the 17th day of July, in the year 1811, the defendant made his promissory note, attested by one Joseph May, as a witness thereto, by which he promised to pay Pennel B. Rodgers, or order, $4,212.81, on demand, with interest. The defendant pleads the statute of limitations of the state of New York. To which the plaintiff replies that she ought not to be barred from having and maintaining her action, &c., because at the time the said note was made and delivered, the defendant and the said P. B. Rodgers were citizens of and resident in the state of Massachusetts; and that by a statute of that state, it is provided that the statute of limitations shall not extend to any note in writing attested by one or more witnesses, but that all actions upon such notes may be maintained as if the statute of limitations had never been passed; and that the defendant well knowing this, and that to the end that the said note might be exempted from all statutes of limitations, consented and directed that the said Joseph May should attest the same as a witness, &c. To this replication the defendant demurs.

The decision of this case must turn on the question, whether the matter set up in the replication relates to the nature and construction of the contract, or to the remedy sought to enforce it. The rule is well settled, that as to the meaning and intent of a contract, it must be construed according to the law of the country where it was made or is to be executed. But as to enforcing it according to the law of the country where it is sued, the lex loci applies only to the nature, validity and construction of the contract, and not to the form of the action, the course of judicial proceedings, or the time when the action must be commenced; these are governed by the lex fori,[3] and it is equally well settled that the

statute of limitations is a matter appertaining to the remedy. The provisions of the statute and the form of the plea, look to the remedy only. The plea is in bar of the action, and does not operate as an extinguishment or satisfaction of the contract. It is up-

---

[3] The law of a place where a contract is made, or to be performed, is to govern as to the nature, validity, construction and effect of such contract; that being valid in such place, it is to be considered equally valid, and to be enforced everywhere, with the exception of cases in which the contract is immoral or unjust, or in which the enforcing it in a state would be injurious to the rights, the interest or convenience of such state or its citizens; and, on the contrary, if the contract be void, or be discharged by the law of the place where it is made or to be performed, it is to be considered as void or discharged everywhere, and to be enforced nowhere. Lodge v. Phelps, 1 Johns. Cas. 139; Smith v. Smith, 2 Johns. 235; Ruggles v. Keeler, 3 Johns. 263; Thompson v. Ketcham, 4 Johns. 285; 8 Johns. 179; Sherrill v. Hopkins, 1 Cow. 103, and several cases there cited, pages 105-109; Van Schaick v. Edwards, 2 Johns. Cas. 355. Cove-

---

nant will not lie in this state on a contract to be performed in Pennsylvania, with a scrawl and word "seal" in the locus sigilii, though by the law of that state this constitutes a seal. Andrews v. Herriot, 4 Cow. 508. The form of the action relates to the remedy, and is governed by the lex loci. See note at the end of this case. Id. A sale of goods. If one lawfully, in a foreign country, sell goods in a manner, or on grounds which would not be lawful here, our courts will uphold the sale. Grant v. McLachlin, 4 Johns. 34. It seems that the validity of a notarial process of a foreign bill of exchange, depends upon the lex loci contractus; and where the latter renders a seal necessary, the protest must be under seal, or it will not be regarded as valid elsewhere. Bank of Rochester v. Gray, 2 Hill, 227. The mode of authenticating a foreign protest, so as to make it evidence, depends upon the lex fori: and it seems that in this state neither the original nor a copy can be received. unless authenticated by the official seal of the notary who made it, impressed upon some tenacious substance as required at common law. Id. An exception to this rule may, perhaps, be allowed, where the protest appears to have been made under a local law, by an officer who had no seal. Id. The rate of interest is governed by the law of the place. Fanning v. Consequa. 17 Johns. 511. So the liability of a party to negotiable paper. Hicks v. Brown, 12 Johns. 142, 143. A note void for usury in Massachusetts is so here. Van Schaick v. Edwards, 2 Johns. Cas. 355. But foreign revenue laws will not be noticed here; and, accordingly, a foreign contract. void for want of a stamp where made, will not for that reason be held void here. Ludlow v. Rensselaer, 1 Johns. 95. Nor shall the penal laws or laws of forfeiture in one's country operate upon his rights or liabilities in another. Scoville v. Canfield, 14 Johns. 338. Personal disabilities follow the person. Thus when young men, prodigals, married women, &c., of a country are considered subject to curators by the law, or unable to contract. they are to be so considered elsewhere, both in their rights and disabilities. [Hamilton v. Moore] 3 Dall. [3 U. S.] 375. 376. Thompson v. Ketcham, 8 Johns. 189. Authorities, showing that a case shall be explained, &c., by the law of the place where it is to be performed; and the rules by which we are to determine the place of performance. Ludlow v. Rensselaer, 1 Johns. 95; Smith v. Smith, 2 Johns. 235; Thompson v. Ketcham, 8 Johns. 189; Fanning v. Consequa, 17 Johns. 511; Sherrill v. Hopkins, 1 Cow. 103, 108. The discharge of or defense against a contract, in the place where it is made or to be performed, is the same everywhere. Thus, if infancy be a defense against a contract made in Jamaica, it is so here. Thompson v. Ketcham, 8 Johns. 189. It was formerly held that a discharge under an insolvent law of this state was, upon the express words of the statute, a discharge from all contracts. wherever made. Penniman v. Meigs, 9 Johns. 325. But that case has been overruled as unconstitutional by M'Millan v. M'Niel, 4 Wheat. [17 U. S.] 209, and the operation of the lex loci contractus restored in all its force. Hicks v. Hotchkiss. 7 Johns. Ch. 297, 312; Mather v. Bush, 16 Johns. 233; Sherrill v. Hopkins, 1 Cow. 103. But a statute of the United States may still give a universal effect to a discharge, without regard to the place where the contract was made. Murray v. De Rottenham, 6 Johns. Ch. 52; Harrison v. Sterry, 5 Cranch [9 U. S.] 289, and 4 Johns. 488.

on this ground that a new promise without any consideration will take the case out of the statute. And the courts of the United States always apply the statute of limitations of the state where the court sits, and adopt the same rule of construction that prevails in the state court. 2 Mass. 84; 1 Caines, 402; 8 Johns. 189, 194; [Shelby v. Guy] 11 Wheat. [24 U. S.] 365; [Ogden v. Saunders] 12 Wheat. [25 U. S.] 340, 349, 350; [Bell v. Morrison] 1 Pet. [26 U. S.] 359.

The defendant must. therefore, have judgment upon the demurrer. See Fisher v. Harnden [Case No. 4,819].