## GREEN *v.* DREBILBIS.

Where no time of payment is mentioned in a note, it is in contemplation of law payable on demand.

Such a note should be described in the declaration as a note payable on demand; but the words "on demand" need not be used, if words of equal import aver the time of payment.

ERROR, *to Dubuque District Court.*

*P. Smith,* for the plaintiff in error.

*Davis* and *Bessell,* for the defendant.

*Opinion by* GREENE J.    Assumpsit on a promissory note, in which no time of payment is specified.    The defendant demurred to the declaration, principally upon the ground, that it contains no averment of the time when the note became due and payable.    The demurrer was overruled, and judgment rendered for the plaintiff.    The overruling of the demurrer is the only error assigned.    It is very correctly assumed by counsel for plaintiff in error, that, where no time for payment is mentioned in a note, it is, in contemplation of law, payable on demand.    In Chitty on Bills, 10 Am. ed. 150, 151, the principle is recognized, that if no time of payment is mentioned in a note, it operates like a check on a banker, as payable on demand.    In 8 John. 189, and 1 Cown. 404, it is held that a note payable generally is payable on demand.

In this case the declaration is objected, on the ground that it does not specifically describe the note according to its legal effect.    The note should, no doubt, be declared on as a note payable on demand, but it does not necessarily follow that the particular words "on demand" should be incorporated in the declaration, if it alleges in other terms the time when the note became due; and in this particular we can but consider the declaration sufficient in law.    It distinctly avers, in referring to the date of its delivery to the plaintiff, "the entire amount in said note, then being due and unpaid;" and

again, that "the defendant became liable to pay the sum of money in the note specified, when he should be thereunto afterwards requested." These averments, with others in the declaration of a similar import, sufficiently designate the note as being due, and payable from the date thereof, according to its legal intendment. Though not declared on in the most technical form, or according to the most approved rules of pleading, we can but regard the averments in the declaration as sufficiently explicit to entitle the plaintiff to recover.

Judgment affirmed.