## WITHROW and Another *v.* WILEY.

To a suit by the payee against *A.* and *B.*, the makers, upon a promissory note payable at a day specified, the defendant pleaded the following pleas in bar: 1. A parol contract, entered into between the parties, when the note was made, by which the plaintiff was never to sue on the note; 2. That, after the execution of the note by *A.*, to-wit, &c., a parol agreement was made by the parties that if *B.* would sign the note as surety, the plaintiff would never sue on the note, but would receive the interest thereon, unless *A.* should deny the note and not try to pay the same. Averment, that the interest had been paid, and that *A.* had never denied the note. General demurrer to both

pleas. *Held*, that the first plea was insufficient. *Held*, also, that supposing that the second plea had also showed that *B*. at the time of said parol agreement, or afterwards and in pursuance of it, had executed the note, still it would have been insufficient. *Held*, also, that if said second plea did not show that *B*. executed the note in pursuance of the parol agreement, the plea was bad for not showing that the condition had been performed, upon the performance of which the promise not to sue was made.

In a declaration upon a note, the day on which the note is alleged to have been executed is not traversable.

ERROR to the *Decatur* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by *Wiley* against *Adoniram J. Withrow* and *Augustus Garrison*. Judgment for the plaintiff. The suit was founded on a promissory note which the declaration alleged had been executed by the defendants on the 4th of *September*, 1849. The note is as follows:

"*September* 4, 1849. Four months after date, we promise to pay *John H. Wiley* or order, for value received, the sum of 228 dollars and 45 cents, without any relief whatever from valuation or appraisement laws. *A. J. Withrow, Augustus Garrison.*"

The defendants pleaded four pleas in bar.

1. *Nil debet.*

2. That the note was given by *Withrow* as principal and *Garrison* as surety, for a lot of stock for harness-making before that time sold and delivered to *Withrow* by the plaintiff; that, at the time of the sale and delivery of said stock, it was the agreement between the plaintiff and *Withrow*, that *Withrow* should not be bound to pay for said stock, or any part thereof, until he should work it up and make the money out of the same; that, after the sale and delivery of said stock, the plaintiff, falsely and fraudulently, and to induce the defendants to give said note, agreed with the defendants, that if they would give said note so as the same would draw interest from the end of four months, the plaintiff never would bring suit on said note. Averment, that the defendants confiding in said promises, and being misled by the same, did, contrary to said contract made for said stock, execute

said note; and that *Withrow* has not, as yet, worked up said stock, nor made the money out of the same. Verification.

There was a general demurrer to this second plea, and the demurrer was sustained.

This second plea is insufficient. The note sued on is, on its face, for the payment, absolutely, of a certain sum of money on a certain day. The plea sets up a parol contract between the parties, entered into at the time the note was given, by which contract the plaintiff was never to sue on the note. Here, the note, according to its face, could be sued on at the end of four months from its date; but according to the contemporaneous parol agreement, the note could never be sued on. The parol agreement pleaded contradicts the face of the note, and is, for that reason alone, no defense to the suit. There is the following case: Assumpsit on a promissory note payable on demand according to its face. The defendant offered to prove by parol that the note was not payable on demand, but that it was to be paid only on a future and contingent event. The evidence was objected to, and the objection sustained on the ground that the parol evidence would destroy the written contract, and substitute a different one in its place. *Graves* v. *Clark*, 6 Blackf. 183. That case shows the plea before us to be bad.

The third plea is similar to the second. It was also demurred to, and the demurrer was correctly sustained.

The fourth plea states, that after the execution of the note by *Withrow*, the plaintiff and defendants agreed, on the 25th of *September*, 1849, that if *Garrison* would sign said note as surety, the plaintiff would never sue on the note, but would receive the interest thereon, unless *Withrow* should deny the note and not try to pay the same. Averment, that the interest had been paid, and that *Withrow* had never denied the note.

General demurrer to this fourth plea, and the demurrer sustained.

The declaration alleges that both defendants executed the note on the 4th of *September*, 1849. The fourth

plea admits that allegation as to *Withrow;* but it implied-
ly denies that *Garrison* executed the note at that time.
The plea also states, that afterwards, to-wit, on the 25th
of *September*, 1849, the parol agreement mentioned in the
plea was made, namely, that if *Garrison* would sign the
note as surety, the plaintiff would never sue on the note,
but would receive the interest thereon, unless *Withrow*
should deny the note. We will suppose that the plea
also shows that *Garrison*, at the time of said parol agree-
ment, or afterwards, and in pursuance of it, executed the
note.

According to the plea so understood (and the defend-
ants can ask nothing more for it), the note, after *Garrison*
signed it, was no longer the separate note of *Withrow*,
but became a new and joint note of *Withrow* and *Garri-
son*, dated on the 4th of *September*, 1849, but executed on
the 25th of *September*, 1849. The plaintiff's parol agree-
ment never to sue, therefore, was entered into at the same
time with, or at some time before, the execution of the
note by the defendants. The consequence is, that the
face of the note, which is for the payment of money at a
certain time, is not to be controlled by the parol contract
contradicting the note, and relied on in the plea.

If the plea does not show that *Garrison* executed the
note in pursuance of the parol agreement, the plea is bad
for not showing that the condition had been performed,
upon the performance of which the promise not to sue
was made.

It cannot be said that the plea, supposing it impliedly
to deny that the note was executed on the 4th of *Septem-
ber*, 1849, is a defense; the allegation in the declaration,
that the note was executed on that day not being traver-
sable. 1 Phill. Ev. 514.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.*
damages and costs.

*J. Robinson*, for the plaintiffs.

*J. S. Scobey*, for the defendant.