## ENOCH ROGERS *v.* OTIS ALLEN.

As a general rule, personal contracts, made and entered into by the citizens of any State, are understood to be made in reference to the existing laws of such State, and under the tacit consent that such contracts shall be governed or modified by such laws.

No custom or local usage can be set up, when they contravene or alter the well settled principles of the common or the statute law.

Hence, the positive statute law of this State has abolished the local usage of measuring lumber by what has been known as the Blodgett survey.

ASSUMPSIT for money had, &c., interest, &c., and for goods, wares and merchandise sold and delivered.

The plaintiff's specification was for 295,913 feet of round lumber sold and delivered in May, 1864, at $8 per thousand,          $2,367.30

      And interest to the date of the writ,                        16.57

                                       $2,383.87

The defendant confessed the plaintiff's action for the sum of $1,775.72 for 214,459 feet of pine logs, and for interest on that quantity and no more; and as to the residue of the plaintiff's action pleaded non-assumpsit.

On trial the plaintiff introduced evidence that a quantity of logs were sold and delivered by him to the defendant in April or May, 1864, under a contract, to pay for them at the rate of $8 per thousand; that the contract was made after the act providing for the manner of measuring such logs went into operation; that measuring the logs according to the statute in force when the contract was made, and the logs delivered, the quantity would be as charged in the specification.

The defendant offered to show that at the time the contract was made for the round timber in suit, and at the time of its delivery, there was a local custom to survey all timber at the rate of one hundred and fifteen feet for a thousand, or according to Blodgett's scale, so called, and that the survey of all timber bought and sold in that vicinity at that time, was made in accordance with that custom; that the price agreed upon for the timber, to wit, $8 a thousand, was a fair price for lumber like this in that vicinity at that time, reckoning a thousand feet as above and more than a fair price, reckoning a thousand feet as claimed by the plaintiff; that the lumber surveyed according to that custom, would give the quantity confessed by the defendant.

The court ruled that the evidence thus offered was not admissible, to which the defendant excepted.

A verdict was taken for the plaintiff by consent.

It is agreed by the parties that either of them may, if desired, try the facts by the jury, after the court shall have decided the questions of law arising on the case.

The questions arising on the foregoing case are reserved and transferred.

*Fling,* and *H. Hibbard,* for plaintiff, upon the main point in the case, that no usage or custom can be set up to control the rules of law,

especially when established by statute, quoted in their brief the following cases : *Cole* v. *Goodwin*, 19 Wend. 252 ; *Hinton* v. *Locke*, 5 Hill 437 ; *Bolton* v. *Colster*, 1 Watts Penn. 360 ; *Bank* v. *Carter*, 20 N. H. 246 ; *McDowell & als. Ex'rs* v. *Ingersoll*, 5 Sergeant & Rawle 101 ; *Green* v. *Moffatt*, 22 Miss. (1 Jones) 529 ; *Perkins* v. *Franklin Bank*, 21 Pick. 483 ; *Dickinson* v. *Gray*, 7 Allen 29 ; Notes in *Wigglesworth* v. *Dollinson*, pp. 686, 687-8, 1 Smith's Lead. Cases ; 2 Parsons on Contracts 57–60 ; *Spicer* v. *Lee*, 11 East. 312 ; *Homer* v. *Dorr*, 10 Mass. 29 ; *Marcy* v. *Iron Co.*, 9 Paige 188 ; *Eager* v. *Company*, 14 Pick. 145 ; *Schooner Reedide*, 2 Sum. 567 ; *Shattuck* v. *Woods*, 1 Pick. 171 ; *Noble* v. *Dunnell*, 3 Term Rep. 271 ; *Lincoln* v. *Shaw*, 17 Mass. 410 ; *Smith* v. *Wilson*, 3 Barn. & Ad. 728.

*A. F. Pike*, for defendant, upon the points in the case, referred to 2 Parsons on Contracts 50 and 57, n ; *Hutton* v. *Warren*, 1 M. & N. 475 ; *Swampscott Man. Co.* v. *Partridge*, 25 N. H. 369 ; Chitty on Contracts 18 ; 1 Smith's Lead. Cases 588 ; *Heald* v. *Cooper*, 8 Greenl. 32, in point ; Cowan & Hill's Notes to 3 Phillips' Evid. pages 1412–14, 1415–20 ; *Gilson* v. *Carlew & al.*, 17 Wend. 305–8 ; *Rushforth* v. *Hadfield*, 7 East. 224 ; 4 Hill 107.

NESMITH, J.   Chapter 2612 of the Pamphlet Laws of 1862, enacts "that all round timber, the quantity of which is estimated by the thousand, shall be measured according to the following rule, viz. : A stick of timber sixteen inches in diameter, and twelve inches in length, shall constitute one cubic foot, and the same ratio for any size and quantity ; each cubic foot shall constitute ten feet of a thousand."

The question before the court is, shall the quantity of logs, embraced in this case, be ascertained or estimated by the aforesaid statute, or by the local usage, known as the Blodgett measure, which is admitted to allow at the rate of 115 feet for a thousand ? It is a familiar elementary principle, and generally of binding force, that contracts' made and entered into by the citizens of any State, or country, are to be understood as having been made in reference to the existing laws, and under a tacit consent, that such contracts shall be governed or modified by such laws.

The existing law of the place, where personal contracts are thus made, is of course to govern as to their construction and validity, unless they are to be performed in another State or country, in which case the construction or validity will depend upon the law of the place of the performance.   2 Kent's Com. 454 ; Story's Conflict of Laws, secs. 242, 257 ; *Mather* v. *Buck*, 16 Johns. 233 ; *Thompson* v. *Ketchum*, 8 Johns. 189 ; 4 Cowan 510 ; *Smith* v. *Godfrey*, 28 N. H. 379.

Proof, in relation to the existence and the extent of the application of usage or custom, is often admissible, for the purpose of explaining the meaning of the parties to the same, or particular terms or words used in the contract, and also as to the general course of trade.   But usages or custom are not permitted to have effect to contravene any established

general rule of the law, and therefore evidence in proof of any such usage is ordinarily inadmissible. *Foye* v. *Leighton*, 22 N. H. 71; *Swampscott Man. Co.* v. *Partridge*, 25 N. H. 369; *George* v. *Bartlett*, 22 N. H. 496.

This rule excludes both general and local usage, when the evidence offered is opposed to, or alters, the well settled principles, either of the common or statute law. In addition to the authorities referred to in the note in 2 Greenleaf, page 272, we give, also, *Strong* v. *Bliss*, 6 Met. 393; *Cole* v. *Goodwin*, 19 Wend. 252; *Heaton* v. *Locke*, 5 Hill 437; *Bank* v. *Carter*, 20 N. H. 246, and many other authorities quoted in the briefs of counsel for plaintiffs.

In *Perkins* v. *The Franklin Bank*, 21 Pick. 483, evidence was offered, tending to show, that, according to the usage and custom of banks, the note in fact would be deemed a *post note*, and payable without *grace*. *Shaw*, *C. J.*, remarks: "We think such usage and understanding are not admissible to control the express provisions of a statute. The tendency of the evidence would be to show, that, in its application to post notes, the statute is disregarded, or not deemed applicable. But the statute makes no distinctions between bank post notes and other notes, and the general description of all notes, payable at a future day certain, is broad enough to include them. The construction of a statute is matter of law, and when clear and explicit, cannot be controlled by custom. If this custom existed before the statute was passed, then the statute did away with the effects of it. If it has grown up since, it was bad in the first instance, and in every repeated instance, and cannot be made good by time." The evident intent of our statute was to abolish the use of a local custom in measuring lumber, that had prevailed here only in some localities, and to a limited extent elsewhere. It had never existed from time immemorial, nor had it been continued here without interruption, was peaceably acquiesced in, and was never compulsory upon all our citizens. Blodgett's survey, as a local custom, was not certain and binding as a uniform rule of law upon all the people of this State, much less upon those interested in the sale or purchase of lumber out of the State. 3 Blackstone Com. 76; *Dickinson* v. *Gray*, 7 Allen 29; *Freary* v. *Cook*, 14 Mass. 488.

It appearing, then, that, before the present contract was made, our legislature had introduced a new rule of action, having for its objects equity and uniformity, binding all within its power; and the parties in this case having thought proper to make an important bargain in this State under the power of the law; and the defendant having reserved no stipulation in his own behalf for any other survey of the lumber, except what the statute might prescribe, we think it now too late for him to claim, against the plaintiff's consent, the advantages that might accrue to him from the Blodgett survey, therefore that the ruling of the court was correct, excluding the testimony offered by the defendant.

There must be judgment for plaintiff, unless the defendant elects to try the cause by the jury.

*Case discharged.*