Stickney *v.* Jordan.

———◆———

JOSEPH A. STICKNEY *vs.* ICHABOD G. JORDAN.

*Promissory note.   Lex loci contractus.*

When no place of payment is named in a promissory note, it must be construed according to the law of the place where it is made.

Compound interest is recoverable in this State, in an action on a promissory note given in New Hampshire, to a payee, resident there, and made payable with interest annually.

ON REPORT.

ASSUMPSIT on a promissory note payable to one William Bedell or order, on demand, with interest annually, and by him indorsed to the plaintiff.  Several payments had been made at different times, and indorsed.

The note was executed and delivered by the defendant, in the State of New Hampshire, at the defendant's place of business there, he having then, and ever since, resided in Maine, but had an office, as a place of business, in New Hampshire.  The payee, at the time the note was given, was, and ever since has been, a resident of New Hampshire.  The plaintiff, at the time the note was indorsed to him, was, and ever since has been, a resident of New Hampshire.  And the payments were made there.

Plaintiff claimed that interest should be cast, and the payments appropriated according to the rule adopted by the courts of New Hampshire; and the defendant contended that interest should be cast according to the law of this State.

The court to decide which mode of computing interest should be adopted, and render judgment according to law.

*W. J. Copeland*, for the plaintiff.

*Jordan, pro se.*

Appleton, C. J. This is an action of assumpsit upon a promissory note, payable to one Wm. Bedell, or order, on demand, and interest annually. The note was made and delivered in New Hampshire where the payee resided, and the maker had his place of business.

By the law of New Hampshire, as evidenced by the judicial decisions of its highest tribunal, where there is an agreement to pay interest annually, the rule is, that for the detention of the annual interest, simple interest is to be computed from the time such annual interest becomes due. *Pierce* v. *Rowe*, 1 N. H. 179; *Little* v. *Riley*, 43 N. H. 113; *Townsend* v. *Riley*, 46 N. H. 300. In this State interest upon interest is not allowed, though the contract is to pay interest annually. *Doe* v. *Warren*, 7 Greenl. 48; *Bannister* v. *Roberts*, 35 Maine, 75. The rate of interest as established in each State is the same, but a different construction is given to a contract to pay annual interest in New Hampshire, from that given to the same contract by the courts of this State. In other words, the same contract is followed by other and more onerous results in that State than in this.

As the contract in suit was made in New Hampshire, the law of the place must govern as to the validity and interpretation and legal effect of the contract. If the parties have used technical terms, it is the technical sense applied to such words, at the place where the contract is entered into, that must govern. The parties, as to the construction of their contract, must be deemed as having contemplated the law of the place, not any foreign law. Thus, if by the *lex loci* the day of performance of a contract is extended to Monday, when the contemplated day of performance falls on Sunday, the rule will be so applied in Massachusetts, where the contract was

Stickney *v.* Jordan.

to be performed. *Stebbins* v. *Leowolf*, 3 Cush. 137. So the rate of interest of the *lex loci contractus* controls, though it may be higher than that of the *lex fori.* But it is not merely the statute law by which the validity and binding force of a contract is to be determined. The *lex loci contractus* governs as to its construction. Now the promise of the defendant was to pay interest annually, according to the construction given to the contract in question, in New Hampshire. It was as much a part of his contract to do so, as to pay interest. It was a valid contract by the law of that State, and would be there enforced. If the defendant promised to pay interest, it was the interest prescribed by the statute; when he added the word annually and promised to pay annual interest, he equally made the judicial decisions of that State a part of his contract, and must be deemed as having contracted with reference to them. His promise thus made is to be everywhere enforced according to its lega-effect when and where it was made. When no place of payment is named, it is payable at the place where it is made, and it must be construed according to the law of that place. *Thompson* v. *Ketcham*, 8 Johns. 189.

When the *lex loci contractus* recognizes the validity of compound interest, and the contract, according to its terms as there construed, gives it, if enforced in another jurisdiction, it will be there allowed. *Little* v. *Riley*, 43 N. H. 109. The English cases repudiate the limitation of interest to the measure of the *lex fori*, and Lord Cottenham in *Fergusson* v. *Fyffe*, 8 Cl. & F. 121, in reference to an alleged agreement to pay compound interest on the balance of an account stated, said that its validity depended on the place where the debt was contracted. Westlake on Private International Law, 192, § 206. The defendant cannot complain that he is required to perform the contract according to his understanding of it when entered into.        *Judgment for plaintiff, and interest to be computed and payments appropriated according to the law of New Hampshire.*

CUTTING, KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.