## ELLIS *against* WILLARD.

An admission in a bill of lading, signed by the carrier, that goods are received "in good order," does not conclude him, as against the parties to the instrument, from showing by parol evidence that the goods were not in good order when received.

It is not material in this respect whether the goods were open to inspection when the bill of lading was given, or not.

The owner of goods shipped by him to be transported to a particular place at a freight agreed upon, having demanded and received them at an intermediate point, without waiver by the carrier of his claim for the full freight, is liable to the carrier for the full freight originally agreed upon.

THE plaintiff brought his action to recover the balance alleged to be due for the freight of a quantity of corn from Buffalo to Pecksport on the Chenango canal, and a quantity of dry hides from Buffalo to Utica. The cause was tried by a referee, who found that the hides were delivered at Utica, and a part of the corn at Pecksport, and a part at Deansville, ten miles short of Pecksport; that according to the contract price there was due the plaintiff the sum of $62.97; that a part of the hides were wet and in bad order when delivered at Utica, and that they were in like bad order when received by the plaintiff at Buffalo; that the corn was discharged at Deansville at the request of the defendant, he saying that he should expect a deduction of

one cent per bushel. The evidence shows that the plaintiff's captain said he had no authority to make any deduction, and proposed to go on to Pecksport and deliver the corn at that place, when the defendant directed it to be unloaded at Deansville. The referee reported in favor of the plaintiff for the whole amount unpaid of the contract price. The judgment upon this report was affirmed by the supreme court in the fifth district, and the defendant appealed. The principal questions presented upon the appeal are sufficiently stated in the opinions.

The cause was submitted here upon printed arguments, by

*Abbott & Church* for the appellant.

*Halbert & McNett* for the respondent.

ALLEN, J. The bills of lading signed by the plaintiff were in the usual form, acknowledging that the property was shipped in good order and agreeing to deliver the same at the places of destination in like good order. It is claimed by the defendant that by it the plaintiff is estopped from showing the true condition of the property at the time of shipment, and the principal exception in the case is to the decision of the referee admitting evidence upon that point, and in giving effect to it in his final report, and exonerating the plaintiff from liability upon proof that the hides were in a damaged condition when shipped.

The statement of the condition of the property in the bill of lading constitutes no part of the contract of affreightment, and the relation of the parties and the nature of the contract will not allow us to call it a contract of warranty. If it was a part of the agreement between the parties, as is claimed by the defendant, then the referee erred in the admission of parol evidence to vary it. But, like the statement in respect to the quantity and amount of

the property, it is but a declaration, an admission by the party signing it, and is no more conclusive than any other acknowledgment or admission. It is *prima facie* evidence of the fact, stated, and casts the burthen of proving it otherwise upon the party making it. An admission or declaration is never conclusive, whether made in writing or verbally, as a mere admission or declaration not acted upon. It may become so, or rather the party may be estopped from contradicting it as against one who has acted upon the faith of it, and has parted with property relying upon the truth of the statement. A ship-owner may be estopped from alleging a deficiency in the property shipped as against a consignee who has advanced money upon the credit of the bill of lading. But receipts and admissions, as such, are always open as between the parties to explanation, and are impeachable for any mistake, error or false statement contained in them. In a word, they may always be contradicted, varied or explained by parol testimony. (1 *Phil. Ev.*, 107; 1 *Cow. & Hill's Notes*, 213, *note* 194; 3 *Stark. Ev.*, 1271; *Tobey* v. *Barber*, 5 *John.*, 68.) A bill of lading is not an exception to the rule; and that part of the bill which relates to the receipt of the goods, their quality, condition and quantity, is treated as a receipt, as distinct from the contract. (*Barrett* v. *Rogers*, 7 *Mass.*, 297; *Graves* v. *Harwood*, 9 *Barb.*, 477; *Dickerson* v. *Seelye*, 12 *Barb.*, 99; *Price* v. *Powell*, 3 *Comst.*, 322; *Maryland Ins. Co.* v. *Ruden's Admr.*, 6 *Cranch*, 338; *Berkley* v. *Watling*, 7 *A. & E.*, 29.) The contract, so far as it is evidenced by the bill of lading, is not liable to be thus affected by parol evidence. (*Creery* v. *Holly*, 14 *Wend.*, 26.) There is no reason, and no direct authority, for holding that a bill of lading can be contradicted as to the condition of the goods when they are not at the time of shipment in a situation to be inspected, and that a different rule prevails when the goods may be seen and handled by the ship-owner. If it is a part of the contract, then in no case, in the absence of fraud, can it be varied by parol; if it is a receipt, then

it is subject to all the rules by which that class of instruments are governed. The contract is merely to deliver in the like good order as received, and when the condition is ascertained, either by the admission in the bill of lading or proof *aliunde*, the duty of the party is fixed.

The other error alleged is the allowance to the plaintiff on full freight of the corn to Pecksport, he having delivered it to the defendant at his request ten miles short of that place. The contract was an entire contract. The plaintiff was bound to deliver the corn at Pecksport as a condition precedent to the receipt of his freight. The condition being for the benefit of the defendant, he might waive it, and the referee has found that he did so, but that did not release him from the performance of his part of the agreement. He could only be relieved from that by the assent of the plaintiff, and no such assent is found by the referee, and if we could look into the evidence we should see there was no evidence to warrant any such finding. The plaintiff was entitled to the full contract price as for carrying the corn to Pecksport, as he was ready and offered and had a right to do. Argument cannot make the proposition more plain.

DENIO, J. The only question of law in this case is, whether the referee decided correctly in permitting the plaintiff to show that the property was in a damaged condition when he received it on board; he having admitted in writing, by signing the bill of lading, that he received it in good order. It is singular that such a question, which one would suppose to be of frequent occurrence in commercial countries, should not long ago have been put at rest; but such does not seem to be precisely the case, either in England or in this country. In *Barrett* v. *Rogers* (7 *Mass.*, 297), the question related to damage to velvets packed in cases. The court charged the jury that the admission in the bill of lading was not conclusive evidence that they were in good order when put on board. The ruling was approved

on a motion for a new trial, on the ground that the goods were not open to inspection ; but a strong intimation was thrown out that it would have been held otherwise had they been in a condition to be examined by the master. (*Clark* v. *Barnwell*, 12 *How.*, 272.)    *Bates* v. *Todd* was determined at *nisi prius* before Chief Justice TINDAL, and goes further than any other case I have seen to sustain the decision of the referee in this case.    A quantity of pepper shipped in the East Indies had been delivered one hundred bags short of the quantity acknowledged in the bill of lading.    The defendant, the ship-owner, offered to prove that the master was induced to sign the bill of lading by the fraud of the plaintiff's agent ; and the plaintiff insisted that the bill of lading was conclusive evidence.    The chief justice said he was of opinion that, as between the original parties, the bill of lading was only a recital, liable to be opened by the evidence of the real facts ; and he left the question to the jury whether the bags which were deficient were ever really received on board. (1 *Moo. & Rob.*, 106.) If parol evidence as to quantity is admissible, I can perceive no good reason why it should not be, when the question relates to the condition of the goods.    If there is any difference, the reason is stronger for holding the ship-owner according to the document, as to quantity, than upon any other question.    The author of *Abbott's Treatise on Shipping* considers the case of *Bates* v. *Todd* as warranting the position which is stated in general terms, that as between shipper and ship-owner the bill of lading is not conclusive. (*Abbott on Ship.*, by *Story*, 324.)    In *Greenleaf's Evidence* the same rule is laid down, upon the same authority. (§ 305.)    In *Price* v. *Powell*, in this court, BRONSON, J., assumed the rule to be as stated in these books.    He said that " as the master signed the usual bills of lading stating that the property was shipped in good order and well conditioned, the burden lay upon the defendants to show that the marble (which was the property in question) was broken

before it came to their hands.   The case, however, does not show that they gave or offered any evidence on that point." (3 *Comst.*, 325.)   In *Dickerson* v. *Seelye* (12 *Barb.*, 99), the defendant purchased a cargo of coals from the consignor by the bill of lading, and paid according to the quantity contained in it, but upon delivery it fell short.   In an action by the vendor the supreme court held that the plaintiff could not be permitted to prove that the deficiency was occasioned by an error in the bill of lading, and that the quantity stated in it had not been put on board.   This was plainly right; and the case is mentioned here only because the court took occasion to state that, as between the shipper of the goods and the owner of the vessel, a bill of lading might be explained so far as it is only a receipt, that is, as to the quantity of the goods shipped and their condition, and the like.   The judgment in that case was placed upon the ground that the defendant was an assignee of the bill of lading for value.   But I am of opinion that upon principle the parol evidence was correctly received.   The condition in which the goods were was not a part of the contract. It was a recital of a circumstance connected with the consideration, and is within the doctrine which permits a party to explain or contradict a receipt, or the acknowledgment of consideration in a conveyance. (*Cases in Cowen & Hill's Notes*, 213 *to* 218.)   It is very high and authentic evidence of the quantity and condition of the goods; but is only evidence, and not, between the primary parties, an estoppel. The principle is consistent with that which protects the written undertakings of parties from being changed by oral testimony.   The substance of the carrier's contract was to transport and deliver the property at its destination, without causing or permitting any damage to be done to it.   Parol evidence could not be allowed to change the effect of this undertaking. (*Creery* v. *Holly*, 14 *Wend.*, 26.)   The other part of the bill is only the acknowledgment of a fact,

which, though strong evidence against him, may be overcome by satisfactory proof that it was erroneous.

The other point relating to a question of fact, was determined against the defendant by the referee. The plaintiff was prevented from carrying the corn to the place to which it was consigned, by the request of the defendant, made to the captain, that it should be left short of that point. Niether the plaintiff nor the captain consented to waive the contract, but on the contrary were ready to perform it. They were prevented from doing so by the intervention of the defendant. He had sold the cargo to be delivered at a point short of the *terminus* to which it was shipped, and required the delivery of it there. He thus waived the performance of the entire voyage and became liable to pay the stipulated freight. ( *Case of the Ship Hooper*, 3 *Sumner*, 542.)

The judgment should be affirmed.

The whole court concurred.