HARMON *vs.* THE NEW YORK AND ERIE RAIL ROAD COMPANY.

In a case free from fraud, a receipt, given by a common carrier, for a barrel, box, trunk or other article, shown to be hollow and to contain goods, means that the party who executes it has received the contents of the barrel &c., as well as the barrel itself.

Accordingly, where the agent of a rail road company, at New York, signed a receipt for a lot of furniture, among which was specified " 1 cradle," which had a carpet wrapped around it, was bound with cords, and contained a valise with wearing apparel in it, which furniture was to be forwarded to Owego; and the agent was informed what the cradle contained; *it was held* that the company was bound to carry not only the cradle, but also the goods then in it, to Owego; and was liable for the loss of the goods. GRAY, J., dissented.

THE plaintiff, on the first day of January, 1855, delivered to the defendant, at New York city, certain goods to be carried on the defendant's rail road, by the defendant, as a common carrier, to Owego, in Tioga county. The defendant, by its agent, delivered to the plaintiff a receipt, when the goods were received at New York, in these words, to wit: "Received on board of the New York and Erie Rail Road, one lot of *furniture,* marked S. H., Owego, N. Y., in bad order, to be forwarded, at owner's risk of breakage, to Owego. New York, Jan. 1st, 1855.      (Signed)            BROWN."

A schedule of the goods was annexed to the receipt, and among the articles specified in it was "1 cradle." The action was brought in a justice's court, to recover the value of a valise and contents, which were in the cradle when the defendant received it and gave the receipt for it. The valise and other articles which were in the cradle, were not mentioned in the schedule annexed to the receipt. The cradle had a piece of a carpet wrapped around it, which was bound with cords when it was delivered to the defendant. The valise and other articles that were in the cradle were missing, when the goods were delivered to the plaintiff at Owego. The plaintiff offered to prove that the cradle mentioned in the receipt, (i. e., mentioned in the schedule annexed to it,) contained wearing apparel, when the valise was delivered to the defendant, and that

the cradle was then wrapped up in a' piece of a carpet and had cords around it; and that when the cradle arrived at Owego, the valise and contents were missing, and were never delivered to the plaintiff. The defendant's counsel objected to the proof offered, on the ground that *the receipt* showed the cradle was one of a large number of articles, agreed thereby to be carried, and no valise or contents were mentioned in it; and that the evidence offered would vary and contradict the terms of the receipt, which was not ambiguous and must speak for itself; also that the receipt was for freight, and not for personal baggage; and that the receipt could not be explained by parol evidence, so as to make it a receipt for personal baggage. The objection was overruled by the justice, and the defendant's counsel excepted.

A witness for the plaintiff then testified that when the cradle was delivered to the defendant's agent at New York city, it contained a valise and its contents, and some carpets; and that a piece of a thick carpet was tied over the cradle and bound by cords; that the valise contained two shirts, two coats, one pair of pantaloons, six shirt collars, four pairs of stockings, two vests, three or four night gowns, and some stockings. That nothing was in the cradle when it was delivered to the plaintiff at Owego, except the carpet that was tied around it when the defendant's agent received it at New York city. The plaintiff proved the value of the valise and contents; and gave evidence that the man who marked the goods and took a memorandum of them, when the defendant received them at New York city, was then told by the plaintiff that the cradle contained a valise and other things; and that the plaintiff told the man who put the goods on board the defendant's rail road boat at New York city, that the valise was in the cradle. The defendant gave evidence which tended to show that the plaintiff did not state what was in the cradle, or that any thing was in it, when the goods were received by the defendant's agent, at New York city. There was evidence given that poor men often send extra baggage

on freight trains of cars, and that freight goes by weight, and that if the valise had been received separate from the cradle, the defendant's servants would have weighed and marked it; and there was evidence which tended to establish that the defendant did not carry extra baggage on freight trains; and that the charges for carrying extra baggage were double those for carrying furniture. There was some evidence that in shipping furniture the defendant's agents or servants put down, "box or chest," when marking the goods, to identify the packages; also if a man presented a trunk when moving, they took it down the same as other furniture, and all clothing. The defendant's agent received the freight on the cradle, valise and contents, which was calculated by the weight of the same.

Other questions were raised on the trial, but they were unimportant, and are not noticed in the opinion of the court. The justice gave judgment for the plaintiff, for $30 damages besides costs. The Tioga county court affirmed the judgment of the justice, and the defendant appealed to this court.

*Tracy & Edmonds*, for the plaintiff.

*Thomas Farrington*, for the defendant.

BALCOM, J. The justice was undoubtedly satisfied by the evidence that the plaintiff practiced no fraud on the defendant; and that it was understood, when the receipt was given, that it bound the defendant to carry the goods then in the cradle, as well as the cradle itself, to Owego. And the evidence authorized the conclusion, arrived at by the justice, that the defendant's agent and servants, who received the goods from the plaintiff at New York city and shipped them, were informed by the plaintiff, when they received the same, that the cradle contained the valise and other articles, which were lost and never delivered to the plaintiff at Owego. It is probable that they inquired when they received the cradle, wrapped up in a piece of carpet and bound with cords, whether any thing was

in it, and if so, what; and if they made such inquiry the plaintiff undoubtedly told them what articles were in the cradle, as one of his witnesses testified he did.

The valise and other articles in the cradle were not mentioned in the receipt which the plaintiff took from the defendant's agent when he delivered the goods to the defendant at New York city. The receipt only showed that the defendant received *one cradle* to carry to Owego; but the cradle was hollow, and it had a piece of a carpet fastened around it; and those who handled it and weighed it could probably tell whether any goods were in it, as well as they could tell whether a box is empty or contains goods, by handling and weighing it. But it is unnecessary to draw inferences upon this question; for the decision of the justice establishes the fact that the defendant's agent and servants knew the cradle contained the valise and other articles, when they received it and agreed the defendant should carry it to Owego.

Now conceding that the receipt was in the nature of a contract, (*see* 2 *Cowen & Hill's Notes,* 1439; 14 *Wend.* 26; 18 *Barb.* 32;) it was proper to construe it in the light of surrounding circumstances. (*Hasbrook* v. *Paddock,* 1 *Barb. S. C. Rep.* 635.) Hence it was competent for the plaintiff to show what kind of a cradle it was, and its condition when received by the defendant at New York city; also that it contained the valise and other articles; and that the defendant's agent and servants were informed thereof when they received it. (9 *Barb.* 477. 1 *Wright's Ohio R.* 240.)

When the justice was placed by the evidence, so that he could see the transaction as it appeared to the plaintiff and the defendant's agent at the time the receipt was executed, he easily discovered that the cradle might contain articles inside of it, as well as a box or trunk; and the evidence warranted the inference that it was customary for the defendant's agents and servants, in giving receipts for boxes or chests containing goods to be carried by the defendant, to designate them boxes

Harmon *v.* New York and Erie Rail Road Company.

or chests; without mentioning what they contained, or that they contained any thing.

A receipt by a common carrier for a box, to be transported to a particular place, does not necessarily mean an empty one; nor does evidence contradict a receipt for " *one cradle,*" which shows that it was an article of household furniture, and was hollow, and had a piece of a carpet fastened around it with cords, and contained a valise and other goods. Such evidence only explains what was uncertain by the language of the receipt, and applies the receipt according to the intention of the parties.

And I am prepared to hold, in cases free from fraud like this, that a receipt given by a common carrier for a barrel, box, trunk or other article, shown to be hollow and to contain goods, means that the party who executed it has received the contents of the barrel, box, trunk or other hollow article, as well as the article itself: and it follows that when the defendant's agent signed the receipt, agreeing to carry the cradle from New York city to Owego, knowing what it contained, it bound the defendant to carry, not only the cradle but also the goods then in it, to Owego.

I am of the opinion that the justice committed no error in receiving the evidence objected to by the defendant's counsel, or in giving the judgment against the defendant; and that the county court did right in affirming his judgment. The judgment of the county court should be affirmed, with costs.

MASON, J., concurred in affirming the judgment.

GRAY, J., dissented.

Judgment affirmed.

[BROOME GENERAL TERM, January 5, 1858. *Gray, Mason* and *Balcom,* Justices.]