Brouer *v.* Vandenburgh.

[ONONDAGA GENERAL TERM, April 3, 1860. *Allen, Mullin* and *Morgan,* Justices.]

---

## MARGARET BROUER *vs.* O. VANDENBURGH.

Where money belonging to a husband was delivered by his wife to the defend-ant, to be by the latter applied to a special purpose, viz. the payment of the interest due upon the husband's bond and mortgage held by the state, and receipts were given by the defendant, acknowledging that he had received the money of the wife for the purpose named ; *Held* that the wife was to be deemed as acting as the agent of her husband, who was the proper person to sue for the money, and that an action would not lie in the name of the wife.

THE plaintiff brought this action to recover certain moneys claimed to have been deposited by her with the defendant, for a special purpose, to which the defendant has failed to apply them. At the time the moneys were received by the defendant, the plaintiff was the wife of Aaron Brouer, who owned and occupied a farm in Madison county which was incumbered by a mortgage to the state, given by him as collateral to his bond, and the money in question " was acquired out of said farm and its products in its usual management," and was delivered to the defendant to be by him transmitted to the proper officer, in payment of interest due on the said bond and mortgage of Aaron Brouer. The defendant, with a single exception, gave receipts acknowledging to have received the money of the plaintiff, for the purpose named, and in the exceptional instance he acknowledged to have received the money of John Brouer, a son of Aaron Brouer and the plaintiff. Aaron Brouer was indebted to the defendant to an

amount exceeding the moneys received by the latter, and died indebted to the defendant.

The action was tried before a referee, who gave judgment for the plaintiff for the full amount claimed, and from that judgment the defendant appealed.

*O. Vandenburgh*, appellant, in person.

*Davis & Leach.* for the respondent.

*By the Court,* ALLEN, J. The judgment cannot be sustained. The money received by the defendant was confessedly the money of Aaron Brouer, the husband of the plaintiff, and was to be applied by the defendant in discharge of Aaron Brouer's obligation, and for his benefit. There was no contract to account for the money to Mrs. Brouer, the plaintiff, as in *Borst* v. *Spelman*, (4 *Comst.* 284.) There could have been no gift of the money to the wife, as the purpose to which it was dedicated was entirely inconsistent with the idea that the money had been given to the wife. The wife acted as the agent of her husband in the transaction, and he, and he alone, was entitled to call the defendant to account for the money. (*Freeman* v. *Orser*, 5 *Duer*, 476. *Gates* v. *Brower*, 5 *Seld.* 205. *Switzer* v. *Valentine*, 4 *Duer*, 96.)

The receipts are not conclusive, as to the ownership of the money. They were merely admissions in writing of a fact, and susceptible of any explanation not inconsistent with the contract contained in them, as to the appropriation of the money. (*Ide* v. *Sadler*, 18 *Barb.* 32. *Blossom* v. *Griffin*, 3 *Kernan*, 575, *per Johnson, J. Barry* v. *Ransom*, 2 *id.* 462.) There is nothing of the character of an estoppel, in the transaction. The plaintiff has not relied upon or been induced to act on the faith of any representations or admissions of the defendant, as to the ownership of the money. All the facts were within her personal knowledge. If the receipts are conclusive, then the referee erred in allowing to the plaintiff the

amount admitted to have been received of John Brouer. If the plaintiff had owned the equity of redemption in the mortgaged premises there might have been some slight evidence upon which the referee could have found a gift of the money by the husband to the wife. But she did not own the estate until some time after this transaction. · The referee has not found, and the evidence would not have authorized a finding, that the money had been given to the plaintiff by her husband, or that it had in any way become her separate property. He did decide that the receipts of the defendant were *prima facie* evidence, and in the absence of any proof to the contrary, showed that this money belonged to the plaintiff. The learned referee had forgotten the admission that the money was earned by the husband upon his own farm, and was to be applied to the payment of his debt, and that the plaintiff was thus shown to be acting as the agent of her husband. It is quite evident that a recovery by the plaintiff would not bar a recovery by the representatives of her husband.

The judgment must be reversed, and a new trial granted; costs to abide the event.

[ONONDAGA GENERAL TERM, April 3, 1860. *Allen, Mullin* and *Morgan,* Justices.]