DETERMINED IN THE

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

February, 1879.

---

## CORNELIUS C. VAN SANTEN, Respondent, v. THE STANDARD OIL COMPANY, Appellant.

*Action for money had and received — when maintainable.*

Defendant, having at the request of one Sohns loaded a vessel with petroleum, represented that he had put in 110 barrels more than he had in fact, and.thereby induced the master of the vessel to give a bill of lading for that amount to Sohns, who paid defendant for that amount, and sold the bill of lading to a firm in Antwerp. Upon the arrival of the vessel at Antwerp, the master was compelled to pay the consignees for the deficiency.

In an action by the plaintiff, as assignee of the master, *held*, that he was entitled to recover the amount so paid from the defendant.

APPEAL from an order made at Special Term overruling a demurrer to the complaint herein, and from a judgment in favor of the plaintiff entered thereon.

*Geo. A. Black*, for the appellant.

*Alfred C. Chapin*, for the respondent.

BARNARD, P. J. :

The plaintiff is the assignee of one Schulte. Schulte was the master of a vessel known as "The Laura and Gertrude." The defendant, at the request of Edward Sohns, loaded this vessel with

refined petroleum for him.    The defendant after the loading was completed represented to Sohns and to Schulte that it had put in the vessel 110 barrels more than was in fact put in.    Sohns paid for this excess to defendant, and by means of the representation of defendant, Schulte signed a bill of lading, reciting that a quantity of petroleum was loaded in the ship, which included this excess. Sohns transferred the bill of lading to Born & Sons, Antwerp, Belgium.    When the vessel arrived at Antwerp, the error was discovered and the captain paid the value of the 110 barrels, and made good the bill of lading.    I think this action is properly brought by the captain's assignee.    The defendant has received money to which it is not entitled.    This came from Sohns, but Sohns has received it from the consignee, who parted with his money on the faith of the bill of lading.    The bill of lading as between the master and Born & Sons, who had thus parted with their property on the faith of the bill of lading, becomes conclusive and not subject to explanation.    (*Dickerson* v. *Seelye*, 12 Barb., 99; *Ellis* v. *Willard*, 9 N. Y., 529.)    The master was liable upon this bill of lading.    (*Watkinson* v. *Laughton*, 8 Johns. R., 213; *Elliott* v. *Rossell*, 10 Johns. R., 1.)    The case thus stands as follows :

The defendant, by a misrepresentation, obtained of plaintiff's assignee a bill of lading that 110 barrels of petroleum had been placed by defendant upon the vessel of which he was master. . He gave a bill of lading based upon this misrepresentation.    By means of it the defendant obtained money of Sohns, and Sohns reimbursed himself by selling the false bill to Born & Sons.    Born & Sons compelled the master to make good the 110 barrels.    Upon what principle the defendant is to keep the money, as against the master, I am unable to perceive.

The order overruling the demurrer should be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Order overruling demurrer, and judgment in favor of plaintiff affirmed, with costs.