WAYDELL et al. v. ADAMS et al.

(Supreme Court, Trial Term, New York County. May 27, 1897.)

1. SHIPPING—CONCLUSIVENESS OF BILL OF LADING.
   In an action by the charterers of a vessel against the shippers of the
   cargo, a bill of lading, given by the charterers to parties from whom the
   shippers purchased the cargo, and who placed it on board, is not conclusive
   as to the amount of goods carried.

2. SAME—ESTOPPEL TO DISPUTE.
   When the cargo of a vessel has been put on board by persons from whom
   the shippers have purchased it, and who are accordingly, for this pur-
   pose, the shipper's agents, and the charterers of the vessels have given a
   bill of lading for a certain quantity of merchandise, but specially stamped
   on its face, "Weights and measurement unknown," such charterers are not
   estopped from disputing the statement of the bill of lading as to the amount
   of merchandise, though the shippers have settled with the vendors thereof
   on the basis of the quantity so stated.

Action by John C. Waydell and others against Edwin W. Adams
and others to recover freight moneys. Plaintiffs were charterers, and
defendants were shippers. Judgment for plaintiffs.

Action to recover balance of freight upon a quantity of lumber shipped
from the port of New York to Matanzas, Cuba, under a contract between the
plaintiffs, as charterers of the schooner James A. Garfield, and the defendants, as
shippers of the cargo. The answer admitted the contract, and denied that it
had been performed. It further alleged that the lumber was placed on board
by the Bulmer Company, of Brooklyn; that the mate of the vessel issued a re-
ceipt for it, stating the quantity shipped; that the defendant had paid the Bul-
mer Company for the lumber according to the receipt and the bill of lading
issued thereon. The defendants further alleged that the freight had all been
paid. There was a difference in the tally of the lumber at Brooklyn and the
tally out at Matanzas. Upon the delivery of the lumber at Matanzas the con-
signee deducted for what he claimed to be shortage in delivery; that is, the
difference between the two tallies, and paid $123.56 on the freight, leaving the
plaintiffs and defendants to determine the liability of the defendants, as ship-
pers, for the balance of the freight, and the action was to recover this balance,
and enforce the defendants' liability therefor.

Owen & Sturges, for plaintiffs.
Butler, Notman, Joline & Mynderse, for defendants.

McADAM, J. The lumber carried on the schooner James A. Gar-
field was, no doubt, correctly tallied and measured at Matanzas,
Cuba, the port of delivery, where it was found to amount to 185,422
feet. Upon this measurement the freight, according to the contract,
was $838.40, on account of which $123.56 was paid, leaving a balance
of $710.84 (Spanish), which, at a discount of 10 per cent., makes
$646.21 due the plaintiffs. The voyage was in fair weather and on a
smooth sea. None of the cargo was lost or thrown overboard, and
the master evidently delivered all the lumber he received. The tally

at the port of New York, the place of shipment, was therefore inaccurate, and the error made was carried into the bill of lading.    The bill of lading is not conclusive as to the quantity of lumber carried, because the parties to it are not the parties to the action, the rights of bona fide indorsees or assignees being in no manner affected. Meyer v. Peck, 28 N. Y. 590; Ellis v. Willard, 9 N. Y. 529; Abbe v. Eaton, 51 N. Y. 410; Price v. Hartshorn, 44 N. Y. 94; Gleadell v. Thomson, 56 N. Y. 194; Byrne v. Weeks, 4 Abb. Dec. 657; Law v. Botsford, 26 Fed. 651; Crenshawe v. Pearce, 37 Fed. 432; The Delaware, 14 Wall. 601, 602.

The point urged by the defendants, that there was an estoppel of the plaintiffs because the former had settled with the vendors of the lumber on the faith of the statement contained in the bill of lading, is without merit, since the vendors, respecting the shipment, were practically the agents of defendants, for whose errors the defendants, and not the charterers, are liable.    Moreover, the plaintiffs, before delivering the bill of lading, stamped upon it, in red ink, "Weights and contents unknown," and then substituted "measurement" for "contents," making it read, "Weights and measurement unknown."    This was notice to the defendants when they received the bill of lading that the plaintiffs were not to be concluded by the measurements of the lumber.    In Law v. Botsford, supra, the vessel took on board at Port Huron a cargo of wheat for Buffalo, and the measurement at the port of delivery was less than that called for by the bills of lading.    The court said:

"It cannot be too well understood that a vessel has discharged her entire duty when she has delivered all she has received.    This is not only the dictate of common sense, but is also the law, as laid down in Shepherd v. Naylor, 5 Gray, 591, and Kelley v. Bowker, 11 Gray, 428.    So that, while the fact that the vessel did not tally as much at Buffalo as at Port Huron cast upon the master the burden of proving that she delivered all that she received, he fully satisfied this requirement, and hence, I think, is exonerated from liability in that particular.    In this view, it is not necessary for me to solve the question which in its nature is insoluble, viz. whether the cargo was correctly weighed at Port Huron or at Buffalo.    It is impossible for us to tell at this time where the mistake occurred.    There was a mistake in measuring this cargo, either inboard or outboard.    If the mistake occurred at Buffalo, then the vessel is entitled to her freight upon the whole amount of the bill of lading.    If the mistake occurred at Port Huron, she is entitled to her freight upon the Buffalo weight."

Rhodes v. Newhall, 126 N. Y. 574, 27 N. E. 947, was an action against the consignee of a cargo of wheat, under the bills of lading providing, "All deficiency in cargo to be paid by the carrier and deducted from the freight, and any excess in the cargo to be paid for to the carrier by the consignee."    The court, without questioning the rule laid down in Ellis v. Willard, 9 N. Y. 529; Abbe v. Eaton, 51 N. Y. 410; Meyer v. Peck, 28 N. Y. 590; and similar cases,—that "an ordinary bill of lading is not conclusive as between the original parties, either as to the shipment of the goods or the quantity," and that, "as to those matters, it operates merely as a receipt, and is open to explanation on the trial by parol evidence,"—said:

"This case is distinguishable in its facts from those considered in the cases referred to.    Here the parties have provided by express language for the particular contingency under this contract.    * * *    The provisions fixing the

46 N.Y.S.—16

quantity of grain received, and providing a mode by which any deficiency or excess in quantity shall be dealt with, do not seem susceptible of any other effect than to prescribe a rule by which the consignee can determine the amount of freight and charges payable by him to the carrier."

This action is against the shipper under the ordinary form of bill of lading, without any such special provision; so that Rhodes v. Newhall is not controlling on the questions arising here.

Upon the entire case, the plaintiffs are entitled to judgment for $646.21.