FOLEY et al. v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Term. November 24, 1905.)

1. CARRIERS—BILL OF LADING—RECITALS—EFFECT.
    A statement in a bill of lading that the goods were received in apparent good order is prima facie evidence thereof.
    [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 159.]

2. EVIDENCE—BILL OF LADING—PAROL EXPLANATION.
    Parol evidence is competent to contradict a statement in a bill of lading that the goods were received in apparent good order.
    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 1827.]

3. CARRIERS—DAMAGE TO SHIPMENT—EVIDENCE—SUFFICIENCY.
    In an action against a carrier, evidence held to warrant a finding that a shipment of cabbages was frozen when shipped.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Michael F. Foley and another against the Lehigh Valley Railroad Company. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, J. J.

John H. Regan, for appellants.
Alexander & Green for respondent.

MacLEAN, J.   On a former appeal it was said:   "The evidence did not justify a judgment against the defendant." 92 N. Y. Supp. 1123. On this, the second appeal herein, it may be further remarked that the statement in the bill of lading issued by the defendant that the carload of cabbages, shipped from Gorham to New York, was received in apparent good order, was but prima facie evidence of the fact, casting the burthen of proving it otherwise upon the party making it, and did not preclude the introduction of parol evidence to establish the contrary fact (Ellis v. Willard, 9 N. Y. 529) ; and the evidence of one Flanagan that he saw the cabbage both before and when it was loaded into the car, that it was frozen solid in the fields before it was cut and when it was loaded into the car, frozen to the heart, and that he cut several heads and they were red, coupled with the fact that the plaintiffs in their letter of December 10, 1903, stated that they "bought frozen stock," together with other evidence relating to transportation, and dispute as to its condition when it reached its destination, would justify the trial justice in rendering judgment in favor of the defendant, and his determination must stand.

Judgment affirmed, with costs.   All concur..